UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

KENT WILLIAM RECHNER,                    Case No. 6:18-bk-02139-KSJ
LESLIE CLARE RECHNER

   Debtor.                                             Chapter 7
_____/

**MOTION FOR RELIEF FROM STAY**
**FILED BY MTGLQ INVESTORS, L.P.**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington St., Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney David E Hicks, Esq., 1511 N. Westshore Blvd., Suite 400, Tampa, FL 33607, and any other appropriate persons within the time allowed. If you file and serve an objection within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

COMES NOW MTGLQ INVESTORS, L.P. (hereinafter "Creditor"), a secured creditor herein, by and through its undersigned attorneys, and pursuant to 11 USC § 362 requests this

Court enter an Order lifting the automatic stay, and in support thereof would assert as follows:

1. On or April 13, 2018, the Debtors filed a Chapter 7 Petition in this Court.

2. For value received, the Debtors executed and delivered a Promissory Note & Deed of Trust as evidence of an indebtedness to the Creditor.  A copy of the loan documents are attached hereto as Exhibit "A".

3. Said indebtedness is secured by **property located in New Mexico** more particularly described in the parties' agreement as **LOT NUMBERED TWENTY-THREE-P-ONE (23P1), OF STINSON PARK SUBDIVISION, CITY OF ALBUQUERQUE, BERNALILLO COUNTY, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT THEREOF, FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON OCTOBER 30, 2006, IN PLAT BOOK 2006C, PAGE 330, AS DOC. NO. 2006-I65285 (physical address: 705 JACONITA PLACE, S.W., ALBUQUERQUE, NM  87121-5449).**

4. The Creditor is the present owner and holder for value of the contract, and holds a perfected lien on the collateral.

5. The aforedescribed Agreement is now in default because of the Debtors' failure to make regular contract payments beginning **October 1, 2015**, and thereafter, as set forth in the Declaration of Creditor attached hereto as Exhibit "B".

6. By reason of the defaults as set forth above, Creditor wishes to exercise its option to declare the entire principal balance and the accrued interest under the Agreement due and payable and take possession of the collateral, which action is stayed by the filing of the Debtors' Petition herein.

7. Creditor has retained the undersigned attorneys to represent it in this action, and is obligated to pay said attorneys a reasonable fee for their services.

8. Creditor has duly performed each and every act required to be performed by it under the Agreement, and all conditions precedent to the filing and maintenance of this Motion have been performed or have occurred.

9. In order to protect its security, Creditor may be required to advance and pay out during the pendency of this action and any subsequent action to take possession of the collateral, monies for Court costs and attorneys fees in pursuing such action. Any such sums advanced and paid out will be due and owing Creditor pursuant to the terms of the Agreement. Reasonable attorney fees and court filing costs not to exceed $1,000.00 will be incurred for representation in this stay relief matter.

10. The Creditor believes that the 14 day stay period set forth in Bankruptcy Rule 4001(a)(3) is not applicable in this case, and requests the Court to waive the 14 day stay so that the Creditor may immediately enforce and implement any Order granting the relief requested herein.

11. The foregoing facts constitute cause for relief from the automatic stay pursuant to 11 U.S.C. 362(d).

12. The automatic stay provisions of § 362 should be lifted or modified in order to permit Creditor to enforce its rights under the Agreement, including Creditor's right to retake possession of the subject collateral, for the following reasons:

      a.    Creditor lacks adequate protection of its interest in the subject security because the Debtors have ceased paying their obligations, and such default is causing a steady increase in the indebtedness owed Creditor under the Agreement.

      b.    The facts as stated above constitute unreasonable delay by the Debtors that is prejudicial to Creditor, and constitutes a lack of adequate protection of Creditor's interest in the property.

13.    The stay should be lifted to allow the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral.

14.    Shellpoint Mortgage Serving ("SMS") services the underlying mortgage loan and note for the Creditor for the property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Creditor. Creditor, directly or through an agent, has possession of the Note. The Note is either made payable to Creditor or has been duly endorsed. Creditor is the original mortgagee or beneficiary or the assignee of the Mortgage.

15.    The Creditor requests the Court also modify the stay for the Creditor to contact and speak with the Debtor about surrender of the property and loss mitigation options, should relief be granted.

WHEREFORE, Creditor requests the Court enter an Order (1) granting relief from the automatic stay *in rem* to permit Creditor to take possession of the subject collateral, (2) waiving

the 14 day stay period under Rule 4001(a)(3) so as to permit the Creditor to immediately enforce the relief requested herein, (3) allowing the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral, and (4) for such other and further relief as is just and proper.

/s/DAVID E. HICKS, ESQ.
DAVID E. HICKS, ESQ.
Fla. Bar No. 0368245
KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697
(813) 433-5275 (fax)
E-mail: dhicks@kelleykronenberg.com
Attorneys for MTGLQ INVESTORS, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Stay with all attachments has been furnished either by electronic or standard first class mail to the parties listed below on this 23rd day of May, 2018.

/s/DAVID E. HICKS, ESQ.

Kent William Rechner and Leslie Clare Rechner
7603 Glenmoor Lane
Winter Park, FL 32792

Walter F. Benenati, Esq.
2702 E. Robinson St.
Orlando, FL 32803

Marie Henkel, Trustee
3560 S. Magnolia Ave.
Orlando, FL 32806